IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNA HURWITZ, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| RHEEM MANUFACTURING COMPANY, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Anna Hurwitz ("Plaintiff" or "Ms. Hurwitz"), by and through undersigned counsel, and files her Complaint against Defendant Rheem Manufacturing Company ("Defendant" or "Rheem Manufacturing"), and shows:

### I.     NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks actual and liquidated damages and attorneys' fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Rheem Manufacturing Company is a company incorporated in Georgia and conducts business within this district. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   PARTIES

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was an "employee" of Defendant, as that term is defined by the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 203(e).

7.

Defendant Rheem Manufacturing is a private employer engaged in interstate commerce and its gross revenues exceed $500,000 per year.

8.

Defendant Rheem Manufacturing is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d) and was not exempt from the overtime provisions of FLSA.

9.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

10.

Defendant may be served with process through its corporate Registered Agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Atlanta, GA 30328.

## IV.   FACTS

11.

From April 25, 2016, through July 31, 2017, Ms. Hurwitz was employed as a Human Resources Generalist by Defendant.

12.

In her capacity as a Human Resources Generalist, Plaintiff's primary duties were clerical in nature and consisted principally of data entry and the use and completion of forms.

13.

In performing her role, Plaintiff had no authority to exercise independent judgment and decisions she made were subject to immediate review and afforded little weight.

14.

Additionally, Plaintiff neither supervised any employee nor did she have the power to hire or fire employees.

15.

Throughout her employment, Plaintiff was paid a salary, without regard to the number of hours she worked in each workweek.

16.

During her employment with Rheem Manufacturing, Plaintiff regularly worked more than forty (40) hours in a given workweek. Defendant failed to pay Plaintiff overtime compensation, calculated at one and one-half times her regular rate, for hours worked over forty (40) in a given workweek.

17.

In all instances in which Defendant failed to pay Plaintiff for overtime hours she worked, Defendant had full knowledge that Plaintiff worked the hours she was not paid for.

## V. CLAIMS

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked that exceeded forty (40) hours in a given workweek.

20.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than forty (40) hours in a workweek.

21.

Defendant's actions, policies, and practices, described above, violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

22.

Defendant's violations of the FLSA were willful and in bad faith.

23.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable

attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that the rights of Plaintiff have been violated and that Defendant willfully violated the FLSA;

(D) Grant Plaintiff leave to add additional claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 31st day of August, 2017.

**BARRETT & FARAHANY**

/s/ Ian E. Smith
Amanda A. Farahany
Georgia Bar No. 646135
Ian E. Smith
Georgia Bar No. 661492

*Attorneys for Plaintiff*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
amanda@justiceatwork.com
iesmith@justiceatwork.com